UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORRIE MCNEILL,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Civil Action No. 09-5983 (WJM)<br><br><br>**ORDER** |

**MARTINI, District Judge**:

　　1.　Presently before this Court is Orrie McNeill's motion, pursuant to 28 U.S.C. § 2255, to vacate a 481-month term of imprisonment imposed by Judge Bassler on August 8, 2006, in *United States v. McNeill,* Crim. No. 04-0514 (WGB) judgment (D.N.J. Aug. 8, 2006), *aff'd,* 285 F.App'x 975 (3d Cir. 2008).

　　2.　In an Opinion and Order entered on August 8, 2013, this Court granted in part Orrie McNeill's *pro se* third motion (ECF No. 26) to amend the § 2255 motion to raise three claims concerning the ineffective assistance of counsel during plea bargaining, dismissed on the merits the ineffective assistance of counsel claim described in the Opinion as the "Counter-Offer Argument" involving the July 1, 2004, plea offer, ordered an evidentiary hearing on the ineffective assistance of counsel claims described in the Opinion as the "Sentencing Exposure Argument," which concerned the March 20, 2006, plea offer, and the "Failure to Inform Argument" concerning the March 20, 2006, plea offer, and appointed CJA counsel to represent McNeill.  (ECF Nos. 38, 39.)

　　3.　During a status conference on November 6, 2013, Orrie McNeill waived the attorney-client privilege on the record with respect to his ineffective assistance of counsel during plea negotiations claims.  By Order entered November 7, 2013, this Court directed Robert DeGroot, Esq., to share with the parties privileged information concerning the ineffective assistance of counsel during plea

negotiations claims, to make his criminal case file available to the parties for review, and to be available to be interviewed by the parties. (ECF No. 43.)

4. On December 23, 2013, through counsel, Orrie McNeill filed a motion for reconsideration of the court's dismissal of the "Counter-Offer Argument." (ECF No. 45.) Through counsel, McNeill argues that this Court misconstrued McNeill's "poorly articulated" *pro se* claim of ineffective assistance of counsel during plea negotiations involving the July 1, 2004, and May 12, 2005, plea offers, described in this Court's Opinion as the "Counter-Offer Argument."

5. On January 14, 2014, the United States filed a letter brief opposing McNeill's motion to vacate the dismissal of the "Counter-Offer Argument." (ECF No. 46.) The United States first argues that McNeill has failed to show that the newly discovered evidence could not have been obtained with reasonable diligence prior to issuance of this Court's Opinion. (ECF No. 46 at 3.) Next, the United States argues that this Court should not reconsider the dismissal of the "Counter-Offer Argument" because McNeill "simply cannot establish *Strickland* prejudice since the record previously before this Court clearly reflects that the inclusion of the felon-in-possession charge in the plea offer did not influence Mr. McNeill's decision not to accept the July 1, 2004 and May 12, 2005 plea offers." (ECF No. 46 at 7.) Specifically, the United States contends that McNeill cannot establish prejudice because "McNeill was not constitutionally entitled to a plea offer that did not include a felon-in-possession count and his trial counsel was under no obligation to make a plea counter offer on those terms." (ECF No. 46 at 6.) In addition, the United States contends that McNeill's claim that he "rejected the favorable July 1, 2004 and May 12, 2005 plea offers on the grounds that they would have required him to plead guilty to being a felon-in-possession is unpersuasive, given that pleading to that charge would not have impacted his sentencing exposure." *Id.* at 7.

6. On or about January 31, 2014, McNeill filed a reply, arguing that the arguments made by the United States are without merit and that this Court should grant the motion and conduct an evidentiary hearing on the "Counter-Offer Argument."

7. This Court agrees with the United States that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." (ECF No. 46 at 3) (quoting *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). This Court will grant the motion to reconsider dismissal of the "Counter-Offer Argument" to correct a manifest error of law.

8. After carefully considering McNeill's motion for reconsideration, this Court finds that it misconstrued the nature of McNeill's poorly articulated "Counter-Offer Argument" and, consequently, did not determine the merits of the claim by applying the appropriate two-part *Strickland v. Washington,* 466 U.S. 668, 694 (1984), standard, as modified in the plea context by *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Instead of applying *Strickland's* two-part test in the plea context, this Court simply found that the "Counter-Offer Argument" "fails to state a claim for ineffective assistance of counsel" because "there is no constitutional right to a plea bargain." (Opinion, ECF No. 38 at 21, 22) (citing *Weatherford v. Bursey,* 429 U.S. 545, 561 (1977)). This Court will therefore grant the motion for reconsideration and determine if McNeill has established a *prima facie* ineffective assistance of counsel during plea negotiations claim.

9. To establish ineffective assistance of counsel in the plea negotiation context, one must show: (1) counsel's performance in regard to the plea offer was not "'within the range of competence demanded of attorneys in criminal cases,'" *Hill,* 474 U.S. at 56 (quoting *McMann v. Richardson,* 397 U.S. 759, 771 (1970)), and (2) "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or

3

both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper,* 132 S.Ct. 1376, 1385 (2012).

10. Orrie McNeill has established a *prima facie* ineffective assistance of counsel during plea negotiations claim as follows:   (a) defense counsel was constitutionally deficient in failing to discern, when he received these plea offers, that Orrie McNeill could not provide a factual basis for a guilty plea to possession of a firearm by a convicted felon because McNeill's only prior conviction was a disorderly persons offense; and (b) but for counsel's deficient performance, there is a reasonable probability that the outcome of the July 1, 2004, or May 12, 2005, plea process would have been different, in that there is a reasonable probability that the assistant united states attorney would have revised the plea offer to eliminate the guilty plea to possession of a firearm by a convicted felon (since a guilty plea to one count of possession of heroin with intent to distribute would have resulted in same 120-month sentence as a plea to both charges), there is a reasonable probability that Orrie McNeill would have accepted the offer to plead guilty to one count of possession of heroin with intent to distribute, and there is a reasonable probability that Judge Bassler would have accepted the negotiated plea and imposed a 120-month term of imprisonment, rather than the 481-month sentence actually imposed.

IT IS therefore on this 7th day of March, 2014,

ORDERED that the motion for reconsideration (ECF No. 45) is GRANTED; and it is further

ORDERED that that portion of the Order entered on August 8, 2013, which dismisses the "Counter-Offer Argument" on the merits is VACATED; and it is further

ORDERED that the evidentiary hearing scheduled for March 12, 2014, will include the merits of the "Counter-Offer Argument."

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**